IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT MORRIS SR., | ) 1:22-CV-00082-RAL |
| Plaintiff | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| vs. | ) MEMORANDUM OPINION ON<br>) DEFENDANTS' PARTIAL MOTION TO |
| PA DEPARTMENT OF CORRECTIONS,<br>REBECCA SCHEUER, REVEREND<br>LUCAS HAFELI, | ) DISMISS PLAINTIFF'S AMENDED<br>) COMPLAINT |
| Defendants | ) ECF NO. 32 |

Plaintiff Robert Morris, Sr. ("Morris"), a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the DOC, SCI-Albion counselor Rebecca Scheuer, and SCI-Albion chaplain Rev. Lucas Hafeli ("Rev. Hafeli"). Morris's Complaint alleged that the Defendants violated his First Amendment and Fourteenth Amendment rights when they prohibited him from wearing a "religious crown" as part of the exercise of his Rastafari religion. ECF No. 12, ¶¶ 11, 17-20. Based on Morris's *pro se* status, the Court construed his allegations as also raising a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq.

The Court dismissed certain of Morris's claims on the Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6). The Court dismissed some of these claims with prejudice but permitted Morris to file an amended complaint as to others. Morris filed an Amended Complaint (ECF No. 31), and the Defendants have again moved to dismiss certain of its claims (ECF No. 32). For the reasons discussed below, the motion will be GRANTED.

## I. Relevant Procedural History

Aside from naming Rev. Hafeli in his individual capacity, the Amended Complaint is identical to Morris's original Complaint. Morris acknowledged this in his brief and supplement to the Amended Complaint. *See* ECF No. 39, ¶ 5. The Amended Complaint reasserts Morris's First Amendment claim against all Defendants and his Fourteenth Amendment equal protection claim against the DOC. He again seeks declaratory relief against all Defendants, injunctive relief against the DOC, and monetary damages against Scheuer in her official and individual capacities and Rev. Hafeli in his individual capacity. The Court again treats Morris's allegations as also raising a RLUIPA claim.

Defendants have moved to dismiss the Amended Complaint's First Amendment free exercise of religion and RLUIPA claims for money damages against Scheuer in her official capacity, all claims against Rev. Hafeli, and the Fourteenth Amendment equal protection claim for injunctive and declaratory relief against the DOC. *See* ECF Nos. 31 (motion), No. 32 (supporting brief). Morris has filed what the Court construes as a brief in opposition to the motion and a supplement to his Amended Complaint.[1] ECF No. 39. The matter is ripe for disposition.

---

[1] Before his brief in opposition was due, Morris moved for leave to file a second amended complaint. *See* ECF No. 35. The Court denied this motion, but it *sua sponte* granted him leave to supplement his Amended Complaint. *See* ECF No. 36. In response, Morris timely filed what appears to be a supplemental pleading that he titled "Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss." *See* ECF No. 39. In accordance with the liberality afforded to *pro se* plaintiffs, the Court construes this filing as an opposition brief to the extent it raises legal arguments and as a supplement to his Amended Complaint to the extent it includes additional facts consistent with those of the Amended Complaint. *Sproul v. Walmart*, 2023 WL 2895644, at *1 (W.D. Pa. Apr. 11, 2023) ("in keeping with its duty to 'construe *pro se* complaints liberally ... [the Court] will consider' additional facts included in [plaintiff's] filings ... to the extent they are consistent with the allegations in his complaint.").

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences

drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Because Morris is proceeding *pro se*, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief can be granted, it will do so despite the litigant's failure to properly identify the claim. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

### III. Factual Allegations

The following allegations of the Amended Complaint and Morris's supplemental pleading are accepted as true for purposes of the motion to dismiss, but only to the extent they state facts rather than conclusions of law or inferences unsupported by facts.[2] Many of the

---

[2] The facts alleged in the Amended Complaint (ECF No. 31) are identical in all material respects to those of the Complaint (ECF No. 12) and detailed in the Court's Memorandum Opinion on Defendants' prior motion to dismiss (ECF No. 23). *See Morris v. Scheuer*, 2023 WL 2088169, at *1-2 (W.D. Pa. Feb. 17, 2023). Morris's supplement to his Amended Complaint refers broadly to Scheuer engaging in "retaliation" and a "campaign of harassment" against him. ECF No. 39, ¶¶ 8, 9. But Morris alleges no facts to support any such claim against Scheuer. Consistent with the applicable standard of review, the Court has disregarded these unsupported conclusions and conclusions of law. *See Baraka*, 481 F.3d at 211.

4

allegations included in Morris's Amended Complaint are unrelated to the claims asserted in this action and others are extremely difficult to decipher. The following summary represents the Court's best effort to construe Morris's allegations both reasonably and liberally in his favor.

Morris has been in the custody of the DOC since 2003. He is a follower of the Rastafari religion and wears a religious crown as a part of his religious practice. More than ten years ago, "religious papers" maintained by the "religious department" recorded that Morris follows the Rastafari religion. ECF No. 39, ¶ 4. At some point, the DOC moved to a digital recording system, but Morris's digital file did not list his religion as Rastafari.

Morris transferred to SCI-Albion in 2007. Sometime later, counselor Scheuer began making unspecified comments to Morris about his religion that he considered to be "racist and stereotyp[ing]." Morris characterizes these comments as one part of Scheuer's "campaign of harassment" and "retaliation." ECF No. 39, ¶¶ 8, 9. In or around June 2021, Morris met with Rev. Hafeli because he "thought he was the only one who could help him." *Id.*, ¶ 12. Morris complained to Rev. Hafeli about Scheuer's treatment. Rev. Hafeli explained that Scheuer may not recognize Morris's religious practice because his digital file does not list him as Rastafari. *Id.*, ¶¶ 11, 10. Morris replied that he had given "Scheuer's office a copy of his religious papers." *Id.*, ¶ 11. Rev. Hafeli explained that prison personnel no longer consulted paper files and that he would schedule a second meeting to update his digital file.

At their next meeting, Morris handed Rev. Hafeli his religious papers and then "t[old] him about all the other retaliations [by Scheuer] before she was fixed on [his] religion." *Id.* In response, Rev. Hafeli "assured [him] she couldn't take [his] crown" under DOC policy, only security could do so. *Id.* He explained that she would need to call security, who would then search his cell, confiscate his crown, and issue him a confiscation slip.

Morris was summoned to his unit manager's office on July 1, 2021. There, Scheuer told him "to get rid of [his] religious crown because she deemed it to be contraband." ECF No. 31, ¶ 8. Rev. Hafeli silently observed this interaction. Morris left with "no choice but to discard his religious article." *Id.* Morris adds that no inmate in the custody of the DOC is "permitted services or religious articles anymore for the Rastafari religion," the DOC "shows favoritism to the Islamic, Christian, and Jewish faiths," and "similarly situated inmates are being allowed to practice their religion." *Id.*, ¶¶ 11, 13, 14.

### IV. Analysis

The Defendants argue that the Amended Complaint (1) fails to state a claim against the DOC and the individual Defendants, acting in their official capacities, because they are not "persons" within the scope of 42 U.S.C. § 1983, (2) fails to state a claim against Rev. Hafeli because the facts alleged do not support his personal involvement in any actionable conduct, and (3) fails to state an equal protection claim against the DOC because the facts alleged do not support a plausible inference of disparate treatment based on Morris's religion.[3] *See* ECF No. 33. Having previously dismissed Morris's equal protection claim with prejudice, the Court need not reach Defendants' final argument.[4] *See* ECF Nos. 23, 24.

---

[3] Defendants raised these same arguments in their brief in support of their motion to dismiss the Complaint. *See* ECF Nos. 17, 33.

[4] Furthermore, the Amended Complaint's assertions that no inmate in the custody of the DOC is "permitted services or religious articles anymore for the Rastafari religion," the DOC "shows favoritism to the Islamic, Christian, and Jewish faiths," and "similarly situated inmates are being allowed to practice their religion" are conclusory and unsupported by the facts alleged in the Amended Complaint or supplement. The only instance of any restriction on an inmate's free exercise of the Rastafari religion alleged in the Amended Complaint is the allegation that Scheuer confiscated Morris's religious crown. Morris has not identified any other instances of a religious article being denied to a follower of the Rastafari religion or any religious services being denied to followers of the Rastafari religion.

### A. Morris cannot recover damages against any individual Defendant in his or her official capacity or against the DOC under § 1983, but he may claim prospective injunctive relief against the DOC and Scheuer in her official capacity.

Morris sues Scheuer in both her official and individual capacities, Hafeli in his individual capacity, and the DOC. For relief, he seeks a declaration that Defendants' conduct violated his constitutional rights, "[a] preliminary and permanent injunction ordering Defendant [DOC] to cease and desist their denial of access to practice religious beliefs," and monetary damages against Scheuer and Hafeli. ECF No. 31, ¶ 22. Defendants argue that the doctrine of sovereign immunity bars the official capacity claims asserted against them for monetary relief.

In its prior Memorandum Opinion, the Court discussed at length the extent to which sovereign immunity bars Morris's claims against the DOC, Hafeli, and Scheuer. *See Morris*, 2023 WL 2088169, at *3-*4. The Court has already dismissed with prejudice Morris's official capacity claim against Scheuer for monetary relief. Morris does not seek monetary relief from Hafeli in his official capacity or the DOC. Thus, Defendants' challenge to these claims in their motion to dismiss is unnecessary. Also, as previously explained in the Court's Memorandum Opinion, sovereign immunity does not bar Morris's official capacity claims for declaratory and injunctive relief "limited to Defendants' continuing denial of his ability to wear [his religious crown] or similar religious headwear," or the individual capacity claims against Scheuer and Hafeli for monetary relief. *Morris*, 2023 WL 2088169, at *4. As discussed below, however, the facts alleged in the Amended Complaint fail to state a claim against the DOC and Hafeli.

### B. The Amended Complaint fails to allege facts to support Rev. Hafeli's personal involvement in the violation of Morris's right to freely exercise his religion.

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts to support that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the

7

Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005); 42 U.S.C. § 1983. It is axiomatic that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. *See Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). Absent factual allegations to support that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged violation of plaintiff's Eighth Amendment rights).

When the defendants are supervising prison officials, liability must still be based on "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Section 1983 liability cannot be predicated on the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976). *See also Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir.

1990); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that § 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Here, the facts alleged in the Amended Complaint do not support that Hafeli played an affirmative part in prohibiting Morris from wearing his religious crown. Morris contends that Hafeli violated his First Amendment rights because he "stood by and did nothing . . . includ[ing] not making a report about Defendant Scheuer's actions." ECF No. 31, ¶ 18. Morris's alleged inaction did not amount to participation or acquiescence in or encouragement of Scheuer's alleged conduct. No facts are alleged to support that Rev. Hafeli had supervisory authority over Scheuer or any other authority to direct her actions. He is not alleged to have directed or endorsed Scheuer's action. Instead, he is alleged only to have failed to take action to prevent those actions. *See Morris*, 2023 WL 2088169, at *5. Morris's allegations likewise fail to support a claim that Scheuer acted pursuant to any policy or custom of the DOC. Morris's assertion that the DOC does not permit Rastafari inmates to practice their religion is a mere conclusion unsupported by facts. The Amended Complaint thus fails to state a claim for relief against Rev. Hafeli and fails to state a § 1983 claim against the DOC.[5]

### C. Further Leave to Amend would be futile.

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be

---

[5] The Amended Complaint and supplement fail to state a RLUIPA claim against Rev. Hafeli for these same reasons. The RLUIPA claim against Scheuer in her official capacity is, in effect, a claim against the DOC and will continue to the extent it seeks injunctive or declaratory relief. However, money damages are not an available remedy against the DOC under the RLUIPA. *See Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012) (citing *Sossamon v. Texas*, 563 U.S. 277, 289-93 (2011)). The same applies to Morris's § 1983 claim against Scheuer in her official capacity. This claim is viable only to the extent it seeks injunctive or declaratory relief.

inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.* Here, Morris has had multiple opportunities to amend or supplement his pleading to support Rev. Hafeli's personal involvement in actionable conduct and to support a basis for a § 1983 claim against the DOC. He has failed to do so and, instead, has alleged facts faulting Rev. Hafeli solely for his failure to act. Thus, it is apparent that further amendment would be futile. Accordingly, the claims against Rev. Hafeli and the § 1983 claim for money damages against Scheuer in her official capacity, which is equivalent to a claim against the DOC, will be dismissed with prejudice.

V.  **Conclusion**

For the foregoing reasons, Defendants' partial motion to dismiss the Amended Complaint will be GRANTED and the claims against Rev. Hafeli and the § 1983 claim for money damages against the DOC and Scheuer in her official capacity will be dismissed with prejudice.[6] The Clerk of Court will be directed to terminate Rev. Hafeli as a defendant in this action. A separate order will follow.

---

[6] The remaining claims in this action are a First Amendment claim for money damages against Scheuer in her individual capacity and RLUIPA and First Amendment claims for injunctive relief against Scheuer in her official capacity. A response order concerning these claims will follow.

DATED this 21st day of November, 2023

                BY THE COURT:

                _____
                RICHARD A. LANZILLO
                CHIEF UNITED STATES MAGISTRATE JUDGE