IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT MORRIS SR., | 1:22-CV-00082-RAL |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | MEMORANDUM ORDER ON MOTION FOR RECONSIDERATION |
| REBECCA SCHEUER, REVEREND LUCAS HAFELI, PA DEPARTMENT OF CORRECTIONS, INIDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, | ECF NO. 45 |
| Defendants | |

Pending before the Court is Plaintiff Robert Morris Sr.'s motion for reconsideration (ECF No. 45) of the Court's Memorandum Opinion and Order (ECF Nos. 40, 41) entered on November 21, 2023. The Memorandum Opinion and Order granted Defendants' partial motion to dismiss Morris's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 32). This resulted in the dismissal of the claims against Reverend Lucas Hafeli and the § 1983 claim for money damages against the Pennsylvania Department of Corrections (DOC) and Rebecca Scheuer in her official capacity.[1] For the reasons that follow, Morris's motion for reconsideration will be DENIED.

---

[1] The claims remaining in this action are against Defendant Rebecca Scheuer alone. They are for injunctive or declaratory relief under the Religious Land Use and Institutionalized Persons Act, a § 1983 claim for injunctive or declaratory relief against Scheuer in her official capacity, and a § 1983 claim for money damages against her in her individual capacity.

I.     Standard of Review

"The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A party seeking reconsideration of an order generally must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court entered judgment, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrboach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). "Because federal courts have a strong interest in the finality..., motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

II.    Discussion

In his motion, Morris declares that "under *Monell* [he] can sue town, county or other kinds of local government," and thus, his "claims are not 'patently meritless [and] beyond all hope of redemption.'" ECF No. 45, p. 1 (cleaned up). Morris also avers that because of his "lifelong disabilities, current nontreatment of a concussion and related aftereffects, lack of law library here, the jail tampering with [his] mail incoming [and] outgoing," and "unlawful search [and] seizures of [his] court papers," he is "unable to do this paperwork without assistance." *Id.*

(cleaned up). He adds that he has not had enough time "to respond to [his] legal work" and all of his requests for the appointment of counsel "to help [him] explain have been turned down." *Id.* (cleaned up).

The grounds Morris asserts in support of his motion for reconsideration do not provide a basis for the Court to reconsider its Memorandum Opinion and Order. Under *Monell* municipalities and other *local* government units are permitted "within the ambit of the persons who c[an] be sued under" § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 689 (1978). *Monell* liability does not apply to state actors like the Defendants in this case because, as the Court explained in detail in its Memorandum Opinion on Defendants' motion to dismiss the Complaint, a *state* official, such as those named as defendants in this case is already considered "a person under § 1983." *Morris v. Scheuer*, 2023 WL 2088169, at *3 (W.D. Pa. Feb. 17, 2023) (quoting *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)). *See id.*, at *3-*4. Morris's representations concerning his challenges in litigating his case *pro se* and the conditions of his confinement are not a change in the law or new evidence; nor do they demonstrate "the need to correct clear error of law or prevent manifest injustice" to justify reconsideration of the Court's Memorandum and Order. *Black Bear Energy Servs.*, 2021 WL 4751746, at *3 (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003)) (A successful motion for reconsideration requires the movant to "demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made."). Accordingly, the Court will not reconsider its Memorandum Opinion and Order (ECF Nos. 40, 41) on Defendants' partial motion to dismiss the Amended Complaint (ECF No. 32).

DATED: January 2, 2024

BY THE COURT:

*[signature]*

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

4