IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| ROBERT MORRIS SR., | ) | |
| | ) | |
| Plaintiff | ) | 1:22-CV-00082-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| REBECCA SCHEUER, et al., | ) | |
| | ) | MEMORANDUM OPINION ON |
| Defendants | ) | DEFENDANT SCHEUER'S MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| | ) | |
| | ) | RE: ECF NO. 56 |
| | ) | |

I.    Introduction

Defendant Rebecca Scheuer's motion for summary judgment pursuant to Fed. R. Civ. P. 56 is before the Court. The sole issue presented by the motion is whether Plaintiff, Robert Morris, Sr., failed to exhaust his available administrative remedies under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, by not including a required document with his final review appeal to the DOC Secretary's Office of Grievances and Appeals ("SOIGA"). Because a genuinely disputed issue of fact remains concerning whether Morris submitted the required document with his final review appeal, the Court will deny Scheuer's motion without prejudice and conduct an evidentiary hearing pursuant to *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013) to resolve the factual dispute.[1]

II.    Relevant Procedural History

Morris, a prisoner in the custody of the Pennsylvania DOC at its State Correctional Institution at Albion ("SCI Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. §

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636.

1983 against the DOC, SCI-Albion counselor Rebecca Scheuer, and SCI-Albion chaplain Rev. Lucas Hafeli. Morris later filed an amended complaint. ECF No. 31. Defendants filed a partial motion to dismiss, which the Court granted. ECF Nos. 32, 41. As a result, the only claims that remain are a First Amendment claim for money damages against Scheuer in her individual capacity and a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim and First Amendment claim for injunctive relief against Scheuer in her official capacity. *See also,* ECF No. 72*;* ECF No. 56.

Scheuer now argues that she is entitled to judgment as a matter of law on each of these claims because Morris failed to exhaust his administrative remedies. In support of her motion for summary judgment, she has filed a concise statement of material facts (ECF No. 57), a supporting brief (ECF No. 58), and an appendix of exhibits (ECF No. 59) in compliance with Local Rule 56.B. In response, Morris filed a brief in opposition to the motion (ECF No. 72) and a Declaration that complied with 28 U.S. Code § 1746 relating to unsworn declarations under penalty of perjury. ECF No. 72-1. After multiple extensions (ECF Nos. 63, 65, 67, and 69) and a Court order (ECF No. 75), Morris filed his responsive concise statement of material facts. *See* ECF No. 76.

III.    Material Facts

The following facts are taken from the parties' concise statements of material facts, Morris's Declaration, Declaration of Keri Moore, the Assistant Chief of SOIGA, and the grievance records and the other exhibits included in Scheuer's appendix of exhibits. Disputed facts are noted.

On July 2, 2021, Morris filed inmate Grievance 934698 pursuant to DC-ADM 804. In it, he complained that the prison had lost certain records related to his religious designation as a follower of the Rastafari faith and his sacred objects; that his "sacred crown/religious hat" was wrongfully classified as contraband; and that he was improperly ordered to either destroy or

2

surrender his crown. ECF No. 59-3, 2.  The grievance sought the return of his sacred crown and authorization to wear it as part of his practice of the Rastafari faith. *Id.*

On July 7, 2021, C. Giddings, the Facility Grievance Coordinator, rejected the grievance as non-compliant with DC-ADM 804's requirement that the "Grievance must be legible, understandable, and presented in a courtesy manner." *Id.* at 2.  On July 9, 2021, Morris resubmitted the grievance.  Although borderline illegible, the renewed grievance appears to reiterate Morris's position that his Rastafari religion requires that he wear his head covering and that prison officials substantially burdened his ability to practice his religion by prohibiting him from doing so.  *Id.* at 4.  The record does not include the Facility Grievance Coordinator's initial review response to the grievance.  However, in his August 13, 2021, appeal from the Facility Manager's denial of Grievance 934698, Morris stated:

> In the initial review response B. Sullivan states a crown is not a religious item per DC-ADM 819 policy.  The fact remains that I am being denied access to practice my religion as admitted by B. Sullivan.  I still request $75,000.00 compensatory and punitive damages each.

*Id.* at 4.

On September 8, 2021, Facility Manager Oliver issued his appeal response upholding the Grievance Officer's initial review response denying the grievance.  *Id.* at 5.  Facility Manager Oliver agreed with Facility Grievance Coordinator Giddings that "[a] crown is not permitted per policy DC ADM 819." *Id.* at 5.

On September 19, 2021, Morris appealed the Facility Manager's decision to SOIGA for final review, but it appears that Morris initially submitted this appeal to the incorrect office. *Id.* at 6. On September 28, 2021, Giddings advised Morris in writing that she was "returning [his] appeal without action," that Morris had appealed "Grievance #934698 to the Facility Manager on

3

September 8, 2021," and he needed "to follow third level appeal procedures" under DC-ADM 804. *Id.*, 7. *Id.* Thereafter, Morris apparently submitted his appeal to SOIGA as, on October 15, 2021, SOIGA responded to Grievance 934698 with an "Action Required" letter. The letter notified Morris that his appeal was incomplete because he had failed to provide necessary documentation for the final review. ECF No. 57, ¶ 13; ECF No. 59-3, 1. Specifically. the letter advised Morris that he had failed to provide a "[l]egible copy of your initial grievance and/or resubmitted initial grievance" and the "Initial review response" and that he had "fifteen (15) working days" to provide the required documents. *Id.* Regarding documents required for a final review appeal to SOIGA, DC-ADM 804 §B(1)(j) states:

> An inmate appealing a grievance to final review is responsible for providing the SOIGA with all required documentation relevant to the appeal. A proper appeal must include:
>
> (1) a legible copy of the Initial Grievance;
>
> (2) a copy of the initial review response/rejection and/or remanded initial review response/rejection;
>
> (3) a legible copy of the inmate Appeal to the Facility Manager;
>
> (4) a copy of the Facility Manager/designee's decision and/or remanded Facility Manager/ designee's decision;
>
> (5) a written appeal to the SOIGA;
>
> (6) failure to provide any of the documentation noted above may result in the appeal being dismissed; and
>
> (7) The copies of the initial review response/rejection and the Facility Manager/designee's decision cannot be handwritten.

ECF No. 59-1, 19.

4

Scheuer asserts that Morris failed to provide the initial review response as directed in the Action Required notice and required by DC-ADM 804 §B(1)(j)(2).[2] ECF No. 57, ¶ 14; ECF No. 59-4, 1. Morris disputes this. He attests:

> At each appeal stage I sent copies of all paperwork… At final appeal level I sent the original copes of the initial grievance, initial response, appeal to facility manager and facility managers (sic) response as well as appeal to final review to the Secretary's Office of chief grievance appeals.

ECF No. 72-1, ¶¶ 3-4.

On January 3, 2022, SOIGA dismissed Morris's appeal of the denial of Grievance 934698 for failure to provide the required documentation.[3] *Id.* Scheuer argues that Morris's alleged failure to submit the initial review response with his appeal to SOIGA constituted a procedural default and a failure to exhaust his administrative remedies.

IV.     Standard of Review

Federal Rule of Civil Procedure 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078

---

[2] Scheuer does not contend that Morris failed to respond to the Action Required notice or that he failed to submit a legible copy of his initial grievance and/or resubmitted initial grievance.

[3] Morris sent multiple letters to SOIGA raising concerns with the DOC's mail process; SOIGA responded to each. *See generally*, ECF No. 59-5.

(3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ...." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (internal citations omitted). Put another way, pro se status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id.* (quoting *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also*, *Winfield v. Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

V.    Analysis

The genuine dispute as to whether Morris failed to provide a required document as part of his final review appeal to SOIGA precludes summary judgment and must be resolved by the Court following an evidentiary hearing.

The Prison Litigation Reform Act ("PLRA") requires an incarcerated individual to exhaust all available administrative remedies before commencing a lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *See*, *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason ... it constitutes a 'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013)) (internal quotations omitted).  An inmate's failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007),

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218(quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  An inmate's failure to comply with the requirements of the prison grievance process constitutes a procedural default that a defendant may raise to establish an exhaustion defense. *See Williams v. Wetzel et al.*, 2021 WL 5298872, at *5 (M.D. Pa. Nov. 15, 2021) (citing *Spruill v. Gillis*, 372 F.3d 218, 230-32 (3d Cir. 2004).  Individual prisons provide these procedural rules. *Jones*, 549 U.S. at 218; *Spruill*, 372 F.3d at 222 (determining whether "a

prisoner has 'properly' exhausted a claim ... is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances").

The DOC's general grievance process is set forth in policy DC-ADM 804. The version of DC-ADM 804 in effect when Morris filed Grievance 934698 is included in the record. ECF No. 59-1. "DC-ADM 804 provides a general, though rigorous, mechanism for inmate grievances." *Moore v. Lamas*, 2023 WL 371397, at *2 (3d Cir. Jan. 24, 2023)). It "is the exclusive means of exhaustion" as to most matters of prison life. *Id.* at 204. The United States Court of Appeals for the Third Circuit has summarized the policy's relevant procedures as follows:

> ADM 804 creates the three-step Inmate Grievance System. First, an inmate must submit a grievance to the Facility Grievance Coordinator. The grievance must include the relevant facts, individuals involved, claims alleged, and relief sought. A different official—the Grievance Officer—reviews the grievance and submits an initial response. The inmate may appeal the initial response to the Facility Manager, who reviews it and issues a decision. The inmate may file a final appeal to the Secretary of Corrections' Office of Inmate Grievances and Appeals .... ADM 804 requires an inmate to specify in his grievance any alleged violation of department regulations or other law as well as specify the compensation or legal relief the inmate desires.

*Prater v. Dep't of Corr.*, 76 F.4th 184, 203-04 (3d Cir. 2023).

To establish a plaintiff's failure to exhaust administrative remedies at the summary judgment stage, the moving party must produce a record demonstrating her entitlement to judgment on the defense as a matter of law. *See* Fed. R. Civ. P. 56(c)(1)(A). *See also Brown v. Smith*, 2021 WL 4429847, at *5 (W.D. Pa. Sept. 27, 2021). Typically, this involves a defendant producing the plaintiff's relevant grievance record relating to the subject matter of the claim or claims asserted in his lawsuit. *See, e.g., Green v. Maxa*, 2019 WL 1207535, at *6 (W.D. Pa. Mar. 14, 2019); *Jackson v. Superintendent Greene SCI*, 671 Fed. Appx. 23, 24 (3d Cir. 2016). Where

the plaintiff has failed to file a grievance concerning a claim or claims, missed a step in the grievance process, or otherwise failed to satisfy the procedural requirements of DC-ADM 804, an affidavit from a person with knowledge or a properly authenticated business record affirming factually the plaintiff's failure to properly exhaust is normally sufficient to satisfy the defendant's burden of production. *See* Fed. R. Civ. P. 56(c)(4); *Wiggins v. Correct Care Solutions, LLC*, 2017 WL 11550519, at *5, *7-8 (E.D. Pa. May 9, 2017); *Muhammad v. Sec'y Pa. Dep't of Corrs.*, 621 Fed. Appx. 725, 727 (3d Cir. 2015) (affidavit attesting that plaintiff failed to appeal to SOIGA); *accord Martin v. Pa. Dep't of Corrs.*, 395 Fed. Appx. 885, 886 (3d Cir. 2010) (affidavit stating plaintiff "never sought final review"). Scheuer has satisfied her burden to produce evidence that Morris did not submit the documents required under DC-ADM 804 §B(1)(j)(2). This evidence is primarily in the form of the Declaration of Keri Moore, the Assistant Chief of SOIGA. *See* ECF No. 59-2.

    Morris has responded to this evidence with his own Declaration attesting that he submitted all required documents, including the initial review response, to SOIGA as part of his Final Review appeal. ECF No. 72-1, ¶¶ 3-4. He has thus satisfied his burden of production to demonstrate that a genuine dispute of material fact remains and precludes summary judgment. But "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden County*, 728 F.3d 265, 269 (3d Cir. 2013) (citing *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) and *Drippe v. Gototweski*, 604 F.3d 778, 781 (3d Cir. 2011)). And "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Id.* at 271. The Court cannot resolve this factual dispute on the current record. The Court will therefore deny Scheuer's motion for summary judgment without prejudice and schedule

an evidentiary hearing to resolve the factual dispute concerning whether Morris submitted the initial review response with his appeal to SOIGA.

VI.    Conclusion

For the foregoing reasons, the Court will deny Scheuer's motion for summary judgment without prejudice. Pursuant to *Small v. Camden County*, 728 F.3d 265, 269 (3d Cir. 2013), an evidentiary hearing to resolve the remaining factual dispute will be scheduled by separate order.


DATED this 14th day of January, 2025.


                              BY THE COURT:


                              _____
                              RICHARD A. LANZILLO
                              CHIEF UNITED STATES MAGISTRATE JUDGE